# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRIRE

------------------------------------------------------------------x

LEI YANG, and
YING TIAN,
*on their own behalf and on behalf of others similarly
situated*

                           Plaintiffs,

                           v.

KIM LAI CORP
    d/b/a Kim Lai Chinese Restaurant
CHI FAMILY LLC
    d/b/a New Kim Lai Chinese Restaurant
XUE CHAI ZHOU
    a/k/a Xuechai Zhou
LAI KUEN KWOK
    a/k/a Laikuen Kwok
GUI XIAN CHI
    a/k/a Guixian Chi;

                      Defendants.

------------------------------------------------------------------x

**Case No. 23-cv-00323**

**29 U.S.C. § 216(b)
COLLECTIVE ACTION &
FED. R. CIV. P. 23 CLASS
ACTION**

**<u>COMPLAINT</u>**

**DEMAND FOR JURY TRIAL**

      Plaintiffs LEI YANG and YING TIAN (hereinafter referred to as Plaintiffs), on behalf of themselves and others similarly situated, by and through their attorney, Troy Law, PLLC, hereby bring this complaint against Defendants KIM LAI CORP d/b/a Kim Lai Chinese Restaurant; CHI FAMILY LLC d/b/a new Kim Lai Chinese Restaurant (Collectively referred to as "Corporate Defendants"); XUE CHAI ZHOU a/k/a Xuechai Zhou; LAI KUEN KWOK a/k/a Laikuen Kwok; and GUI XIAN CHI a/k/a Guixian Chi (Collectively referred to as "Individual Defendants") (Together with "Corporate Defendants" referred to as "Defendant"), and allege as follows:

## <u>INTRODUCTION</u>

      1.    This action is brought by the Plaintiffs LEI YANG and YING TIAN, on behalf of themselves as well as other employees similarly situated, against the Defendants for

alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and the New Hampshire Revised Statute Tittle 279 (N.H. Rev Stat §279 *et seq.*), arising from Defendants' various willful, malicious, and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA and NH Rev Stat. §279 *et seq.* by engaging in pattern and practice of failing to pay its employees, including Plaintiffs overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.      Plaintiffs further allege pursuant to NH Rev Stat. §279:29 that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages, and (3) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Hampshire Claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the District of New Hampshire pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.      Plaintiff Lei Yang was employed by Defendants to work as a delivery driver at

Defendants Chinese restaurant Kim Lai Chinese Restaurant located at 955 Lafayette Rd, Unit 12, Portsmouth, NH, 03801.

8.      Plaintiff Ying Ting was employed by Defendants to work as a packer at Defendants Chinese Restaurant Kim Lai Chinese Restaurant located at 955 Lafayette Rd, Unit 12, Portsmouth, NH, 03801.

## **DEFENDANTS**

### *Corporate Defendants*

9.      Defendant KIM LAI CORP d/b/a Kim Lai Chinese Restaurant is a domestic business corporation organized under the laws of the State of New Hampshire with a principal address at 955 Lafayette Rd, Unit 12, Portsmouth, NH, 03801 and a registered address at 101 Market Street, Portsmouth, NH 03801.

10.     KIM LAI CORP d/b/a Kim Lai Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11.     KIM LAI CORP d/b/a Kim Lai Chinese Restaurant purchased and handled goods moved in interstate commerce.

12.     Defendant CHI FAMILY LLC d/b/a New Kim Lai Chinese Restaurant is a domestic business corporation organized under the laws of the State of New Hampshire with a principal and registered address at 955 Lafayette Rd, Unit 12, Portsmouth, NH, 03801.

13.     CHI FAMILY LLC d/b/a New Kim Lai Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

14.     CHI FAMILY LLC d/b/a New Kim Lai Chinese Restaurant purchased and

handled goods moved in interstate commerce.

*Owner/Operator Defendants*

15.    Upon information and belief, XUE CHAI ZHOU a/k/a Xuechai Zhou, known as "boss" to Plaintiff and the president of Kim Lai Corporation, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Corporate Defendants.

16.    XUE CHAI ZHOU a/k/a Xuechai Zhou supervised the plaintiffs

17.    XUE CHAI ZHOU a/k/a Xuechai Zhou acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and NH Rev. Stat. regulations promulgated thereunder, and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

18.    Upon information and belief, LAI KUEN KWOK a/k/a Laikuen Kwok, known as "lady boss" to Plaintiff and the director of Kim Lai Corporation, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Corporate Defendants.

19.    LAI KUEN KWOK a/k/a Laikuen Kwok supervised the plaintiffs

20.    LAI KUEN KWOK a/k/a Laikuen Kwok acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and NH Rev. Stat. regulations promulgated thereunder, and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

21.    Upon information and belief, GUI XIAN CHI a/k/a Guixian Chi, a member

and registered agent for Chi Family LLC, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Corporate Defendants.

22.     GUI XIAN CHI a/k/a Guixian Chi acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and NH Rev. Stat. regulations promulgated thereunder, and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

## **STATEMENT OF FACTS**

### **Corporate Defendants as Successors of Each other**

23.     Kim Lai Corporation operated as Kim Lai Chinese Restaurant from the beginning of the period relevant to this lawsuit through on or around January 24, 2019, when Chi Family LLC was incorporated.

24.     On or around September 1, 2022, Kim Lai Corporation dissolved and Chi Family LLC began fully operating Kim Lai Chinese Restaurant and changed the name to New Kim Lai Chinese Restaruant.

25.     Between January 24, 2019 to Septmeber 1, 2022, both corporations operated concurrently at the same address.

26.     Xue Chao Zhou and Lai Kuen Kwok were both the managers at Kim Lai Restaurant and officers of Kim Lai Corporation and upon information and belief were still managers when the corporations changes to Chi Family LLC d/b/a New Kim Lai Chinese Restaurant.

27.     Employees, including plaintiffs who were working at Kim Lai Chinese

Restaurant, cotinued working after the restaurnt and corporation chages to Chi Family LLC d/b/a New Kim Lai Chinese Restaurant.

28.     The Kim Lai Chinese Restaurnt continued doing business with no substantioal interuption, change in staff or change in management, before and after the transfer.

29.     Kim Lai Corporation and Chi Family LLC de facto merged, and alternatively, Chi Family LLC merely continued or substantially continued Kim Lai Corporation's business at Kim Lai Chinese Restaurant.

<u>**Wage and Hour Claims**</u>

30.     There are at least 18 employees at the restaurant, including non-tipped employees and tipped employees.

31.     Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

32.     At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

33.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

34.     Defendants failed to keep full and accurate records of Plaintiffs' hours and wages pursuant to NH Rev. Stat. § 279:27.

*Plaintiff Lei Yang*

35.     From on or about November 18, 2021 to February 22, 2023, plaintiff Lei Yang was employed by Defendants to work as a delivery driver at their Chinese Restaurant located at 599 Lafayette Rd, Unit 12, Portsmouth, NH 03801.

36.    From on or around November 15, 2019 to February 22, 2023, plaintiff Lei Yang's regular work schedule ran from 10:50 to 22:00 for eleven hours and ten minutes (11.10) per day for six (6) days per week, additionally plaintiff Lei Yang had to stay an extra forty-five (45) minuets for two (2) days per week meaning he worked an additional one and a half (1.5) hours meaning that plaintiff Lei Yang worked a total of sixty-eight and a half (68.5) hours per week.

37.    At all relevant times, plaintiff Lei Yang did not have a fixed time for lunch or for dinner.

38.    Although he had two meals he was on call during that time meaning that if a customer's order came his meal would stop and he would have to deliver the order to the customer.

39.    From on or around November 15, 2019, to February 22, 2023, plaintiff Lei Yang was paid a flat compensation at a rate of one thousand dollars ($1,000) per month.

40.    At all times during plaintiff Lei Yang's employment, he was paid in two checks per month for his services that he provided to the defendants.

41.    At all relevant times, plaintiff Lei Yang was not paid overtime pay for overtime work.

42.    Throughout his employment, plaintiff Lei Yang was not compensated at least one and one half his promised hourly wage for all hours worked above forty (40) in each workweek.

***Plaintiff Ying Tian***

43.    From on or about December 8, 2021 to February 22, 2023, plaintiff Ying Tian was employed by Defendants to work as a packer at their Chinese Restaurant located at 599

Lafayette Rd, Unit 12, Portsmouth, NH 03801.

44.    From on or around December 8, 2021 to February 22, 2023, plaintiff Ying Tian's regular work schedule ran from 10:50 to 22:00 for eleven hours and ten minutes (11.10) per day for six (6) days per week for a total of sixty-seven (67) hours per week.

45.    At all relevant times, plaintiff Ying Tian did not have a fixed time for lunch or for dinner.

46.    From on or around December 8, 2021, to on or around May 31, 2022, plaintiff Ying Tian was paid a flat compensation at a rate of two thousand eight hundred dollars ($2,800) per month.

47.    From on or around June 01, 2022, to on or around November 30, 2022, plaintiff Ying Tian was paid a flat compensation at a rate of two thousand none hundred dollars ($2,900) per month.

48.    From on or around December 1, 2022 to February 22, 2023, plaintiff Ying Tian was paid a flat compensation at a rate of three thousand two hundred dollars ($3,200) per month.

49.    At all relevant times, plaintiff Ying Tian was not paid overtime pay for overtime work.

50.    Throughout his employment, plaintiff Ying Tian was not compensated at least one and one half his promised hourly wage for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

51.    Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were

employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

52.     Plaintiffs bring their New Hampshire Statue Law Claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Class Period").

53.     All said persons, including Plaintiffs, are referred to herein as the "Class."

54.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

55.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

56.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendant employed Plaintiffs and the Class within the meaning of the New Hampshire Revised Statute;

b.     Whether Plaintiffs and Class members are entitled to and paid overtime at their promised hourly wage under the NH Rev. Stat. §279; and

c.     At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### *Typicality*

57.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### *Adequacy*

58.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### *Superiority*

59.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

60.    Upon information and belief, Defendants and other employers throughout the state violate the New Hampshire Revised Statute. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of

bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**STATEMENT OF CLAIMS**

**COUNT I.**
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

61.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

62.     Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

63.     Throughout plaintiff's employment, they were paid a flat compensation that did not include additional pay at time and a half for overtime.

64.     Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid

by the defendant, and the costs of the action."

65.     Defendants knowingly, willfully and maliciously disregarded the provisions of the FLSA by failing to pay plaintiffs overtime.

**COUNT II.**
**[Violation of NH Rev Stat. §279 —Failure to Pay Overtime Wages**
**Brought on behalf of Plaintiff and Rule 23 Class]**

66.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

67.     NH Rev. Stat. §279, Section VIII, states that 'Those employees covered by the introductory paragraph of this section, with the following exceptions, shall, in addition to their regular compensation, be paid at the rate of time and one-half for all time worked in excess of 40 hours in any one week'

68.     At all times during plaintiffs employment, plaintiff was paid a flat compensation at a rate that did not include additional pay at time and a half for overtime.

69.     NH Rev. Stat. §279:29 staes that 'If any employee is paid by the employer less than the minimum wage to which the employee is entitled under the statutory minimum wage the employee may recover in a civil action the full amount of such minimum wage less any amount actually paid to the employee by the employer together with costs and such reasonable attorney's fees as may be allowed by the court'

70.     Defendants knwoingly, wilfully and maliciously disregarded the provisions of the NH Rev. Stat. by failing to pay plaintiffs overtime.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New Hampshire Revised Statute;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid overtime wages due under FLSA and New Hampshire revised Statute due to Plaintiffs and the Collective Action members;

g)      An award of liquidated and/or punitive damages as a result of Defendants'

knowing, willful, and malicious failure to pay wages at least the hourly minimum wage,

overtime compensation pursuant to 29 U.S.C. §216;

h)      An award of costs and expenses of this action together with reasonable

attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

i)      The cost and disbursements of this action;

j)      An award of prejudgment and post-judgment fees; and

k)      Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.


Dated: June 19, 2023
       Flushing, New York

                              TROY LAW, PLLC
                              *Attorneys for the Plaintiffs, proposed FLSA*
                              *Collective and potential Rule 23 Class*

                              /s/ John Troy
                              John Troy
                              Aaron Schweitzer
                              Tiffany Troy